**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald Francis SEYMOUR,**
**Defendant–Appellant.**

**No. 00–1786.**

United States Court of Appeals,
Sixth Circuit.

May 14, 2001.

Before KENNEDY, DAUGHTREY, and GILMAN, Circuit Judges.

PER CURIAM.

The defendant, Donald Seymour, is before this court for the second time, again asserting error in connection with the imposition of sentence for violation of the conditions of his supervised release. The case was previously remanded to permit an amendment to the district court's judgment to correct an error in Seymour's sentence, a procedure that the district court handled without an additional hearing and thus without permitting the defendant to be present or to make an additional statement to the court concerning the propriety of his sentence. The defendant now insists that he was denied his right to be present at sentencing, under Rule 43(a), and his right to allocution, under Fed. R.Crim.P. 32(c)(34)(C). We find no reversible error and affirm.

Defendant Seymour was convicted in 1993 of three counts of engaging in sexual activity on tribal land with a 13–year–old girl, at a time when he was more than four years older than the child. The federal district court sentenced Seymour to concurrent 60–month prison sentences and to concurrent three-year terms of supervised release. The defendant successfully completed his prison term and began serving his time on supervised release. Prior to completion of that portion of his punishment, however, Seymour was arrested for and convicted of disorderly conduct, was determined to be under the influence of alcohol, and tested positive for cocaine usage. The defendant admitted each transgression, and the district court issued a judgment revoking Seymour's supervised release and sentencing him to an additional 36 months in prison. Prior to doing so, the court granted the defendant a hearing and provided Seymour an opportunity to address the court with any comments the defendant felt appropriate to the sentencing determination.

The defendant appealed the new sentence to this court, seeking a remand for "correction of sentence" based upon the stipulated agreement between the parties that the maximum sentence allowed by statute for the supervised release violations was only two additional years in prison, not the three years imposed by the district judge. See 18 U.S.C. § 3583(e)(3); 18 U.S.C. § 2243(a); 18 U.S.C. § 3559(a)(3). In light of the stipulation, a panel of this court granted the motion for remand. Rather than conduct an additional sentencing hearing, however, the district judge merely filed an amended judgment in this matter, reducing the term of Seymour's punishment upon revocation of the supervised release to 24 months. The defendant now contends that his exclusion from the sentencing process denied him the right to be present, as required by Rule 43(a), and his right to allocution under Rule 32(c)(3)(C), which provides that a district court, prior to imposition of sentence, must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence."

On appeal, the defendant seeks, in effect, an extension of our ruling in *United States v. Waters*, 158 F.3d 933, 944 (6th Cir.1998). There, we noted that "punishment for a violation of supervised release is a separate punishment from the punishment imposed for the original crime," and exercised our supervisory authority "to require the district courts in our circuit to provide defendants with an opportunity to allocute before imposing a sentence for a violation of supervised release." Nevertheless, we took care to explain that Rule 32 itself does not itself provide a right to allocution at sentencing for a violation of

402

supervised release. *See id.* Otherwise, the rule's requirements would force preparation of pre-sentence reports for such proceedings, a mandate not evident in any congressional enactment.

In opposition to the defendant's contention that the right to allocution recognized in *Waters* should be extended to apply to the facts in this case, the government contends that the mere correction of a sentence under these circumstances does not require an additional hearing and does not implicate the defendant's right to allocution. We agree. The district court had fully complied with both Rule 32 and Rule 43 in imposing the original sentence. That sentence was not vacated and remanded for a new sentencing proceeding, as—by contrast—is often the case when the reviewing court finds an error that requires de novo sentencing by the district court. Indeed, we ourselves could have amended the judgment to provide for the corrected sentence but, instead, delegated that responsibility to the court that had originally entered the judgment. Under the circumstances, we cannot say that it was error for the district court to follow our directive to correct the sentence by lowering it to the statutory maximum and to do so without holding a new sentencing hearing.

For these reasons, we AFFIRM the amended judgment of the district court, imposing upon the defendant a sentence of two years for violation of the conditions of his supervised release.